CENTRAL TRUST CO. OF NEW YORK v. UNITED STATES ROLLING-STOCK CO. et al.

(Circuit Court, N. D. Illinois. May 16, 1893.)

1. MORTGAGE—FORECLOSURE—DECREE—RIGHTS OF CREDITORS.
Where a decree for the sale of the property of a corporation to satisfy a mortgage expressly provides that creditors claiming to have prior rights to the property may present their claims to the court for adjudication before distribution of the proceeds of the sale, such creditors have no right to complain of the decree.

2. SAME—SALE OF MORTGAGED PROPERTY AS AN ENTIRETY.
Upon foreclosure of a mortgage upon the property of a manufacturing corporation, it is proper to direct that the property be sold as an entirety, where it appears that a division of it into parcels would lessen its selling value.

In Equity. Suit by the Central Trust Company of New York against the United States Rolling-Stock Company, a manufacturing corporation, and others, to foreclose a mortgage. A decree of foreclosure was entered, and a motion is now made to set the same aside. Decree modified.

Lyman & Jackson, for complainant.
Herrick & Allen, for receiver.
Osborn & Lynde, for defendant United States Rolling-Stock Co.
Gardner & McFadden, for Carnegie, Phipps & Co.
Frank F. Reed, for Hibbard, Spencer, Bartlett & Co.
A. L. Adams, A. F. & D. E. Seeberger, N. P. Willard, and N. A. Partridge, for White Lake Lumber Co.

JENKINS, District Judge. Notwithstanding the elaborate arguments presented upon the motion to set aside the decree of foreclosure and sale rendered in this cause on the 28th of February, 1893, I deem it improper at this time to consider the question of the validity of the receiver's certificates, or the question of the alleged diversion of the funds realized from the personalty to the benefit of the realty covered by the complainant's mortgage. It is very clear to me that the interests of all concerned, and especially of the general creditors, require that the property involved should no longer be permitted to deteriorate in value in the hands of the receiver, but should be sold for the benefit of all concerned, if it can be done so that the conflicting claims of the parties may not be prejudiced. I can see no just purpose to be served by delaying the sale of the property, and I think that the rights of all can be protected by the decree and proceeding thereunder.

So far as the judgment creditors are concerned, they have, as judgment creditors, no just cause of complaint. The question of the priority of their judgments to the complainant's mortgage is reserved by the decree, and their rights fully protected. I am inclined, also, to think that all rights of holders of receiver's certificates, and the rights of general creditors, are protected by the decree, and their claims with respect to the alleged diversion of funds to the betterment of the realty are reserved by the decree. But in order to place this beyond contention I have concluded to modify the decree by adding thereto, after the provision for the application of the proceeds of sale, the following: "All creditors, whether by judgment, or as holders of receiver's certificates, or general creditors, claiming that any funds derived from personalty have been improperly applied by the receiver to the benefit of the realty, shall, on or before the 1st day of June, 1893, file in this court a specific claim in that behalf, in the form of a petition with apt allegations, as in the case of a pleading, which shall be answered or demurred to by the complainant within ten days thereafter; and, if answered to, the evidence in support of the petition shall be taken before the special master within ten days thereafter, and the evidence in behalf of the complainant within ten days after the evidence in behalf of the petitioners shall be closed, and any rebutting evidence within five days after the complainant's evidence shall be closed; and the issues so joined shall stand for hearing forthwith. The provision of the decree providing for the application of the proceeds of sale to the payment of the consolidated first mortgage 5 per cent. debentures and coupons, and the provision that the purchaser at the sale may be allowed a credit of an amount equal to the distributive share of the proceeds of sale which would be payable upon the debenture bonds or other claims which, by the decree, the purchaser is authorized to present to the special master, are hereby made subject to the prior payment of such amount, if any, as the court may decree, upon the hearing of such petitions of creditors, to have been improperly diverted by the receiver to the benefit of the realty covered by the complainant's mortgage; the court reserv-

ing to itself the power, in term time or at chambers, to make such further orders respecting the payment of the purchase price of the property upon the sale as may be necessary to effectuate this modification of the decree."

I have not deemed it necessary to consider the various technical objections to the hearing or the entry of the decree thereon, because I consider that by this present modification of the decree every right is preserved in its integrity, without necessitating any further delay in the sale of the property and the payment of the debts of the insolvent corporation.

The objection that the decree improperly provides for the sale of the real estate as an entirety is, in my judgment, not well founded. A careful consideration of the facts presented upon that subject convinces me that to cut up this tract, upon which the plant of the company is located, into parcels, would be most unwise, and would, upon a sale, produce a less price than if sold as an entirety.

It may be proper to add, with respect to the attack made upon the scheme of reorganization, that I have carefully looked into the evidence submitted upon that subject, and I find nothing that militates with the entire good faith of the proceeding, and nothing oppressive to the holders of receiver's certificates, or to the general creditors. In dealing with such vast enterprises as that carried on by the defendant corporation, a reorganization in some such way as is attempted here is the only feasible method of protecting the relative rights of all the parties interested. It can be done only by cooperation, and, in the absence of fraud or oppression, courts of equity are disposed to aid, rather than to thwart, such schemes of reorganization. The decree will be modified as suggested, and the petition to set aside the decree, and for a rehearing, will be denied.